30721, 30722. BATES *v.* THE STATE (two cases).

DECIDED JANUARY 17, 1945.

*A. M. Zellner,* for plaintiff in error.
*F. E. Strickland, solicitor-general,* contra.

GARDNER, J. The grand jury returned two indictments against James Bates, one, containing two counts, was for assault and bat-

tery on different persons on the same date; the other, containing four counts, three for drunkenness within the curtilage of a private residence, and one for drunkenness on a public highway. The jury returned a verdict of not guilty on the first count of the indictment for assault and battery, and a verdict of guilty on the second count of that indictment. A verdict of guilty on each count was returned on the other indictment. By agreement, the charges under both indictments were tried together, all growing out of an extended occasion of the misconduct of the defendant on the same evening.

The defendant filed a motion for a new trial on the general grounds in each case, and afterwards amended by adding two special grounds to each motion. These amendments are, in substance, the same, and assign error because the court, over objection, permitted the chief of police and another policeman to testify substantially that they had arrested the defendant two or three times on previous occasions for "being drunk." The objections urged at the time the testimony was offered and the assignment of error which is here urged are: "Because the evidence is immaterial, irrelevant, and highly prejudicial against the defendant in the case;" and "because same is immaterial and irrelevant and has no bearing on the issues in the case." The State offered the testimony objected to, in rebuttal to that of a witness for the defendant. The witness, Mrs. Hutto, the mother of the defendant, testified that the defendant was not drunk on the occasion in question, and further that "he never gets drunk." Under the record of this case, it clearly appears that the testimony of the policemen was admissable in rebuttal to that of the defendant, if for no other reason. The assignments of error in the special grounds are the only ones argued here. These have no merit. The court did not err in overruling the motion for a new trial in each case.

*Judgments affirmed. Broyles, C. J., and MacIntyre, J., concur.*